UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Lenovo (United States) Inc.,**<br><br>Petitioner (ITC Complainant)<br><br>v.<br><br>**ASUSTeK Computer Inc., ASUS Computer International**<br><br>Respondents (ITC Respondent). | Case: 1:24-mc-00050<br>Assigned To : Cobb, Jia M.<br>Assign. Date : 4/22/2024<br>Description: Misc. (O-Deck)<br><br>Civil Action No. Misc. _____<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER ROGATORY** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY LENOVO (UNITED STATES), INC. FOR THE ISSUANCE OF A LETTER ROGATORY TO SUNREX TECHNOLOGY CORP.

Petitioner Lenovo (United States) Inc. ("Lenovo US"), Complainant in *Certain Electronic Computing Devices and Components Thereof*, Investigation No. 337-TA-1382 (the "Investigation") before the U.S. International Trade Commission ("ITC"), hereby submits this memorandum of law in support of its motion for this Court to issue, under its seal and signature, the attached Letter Rogatory on behalf of Lenovo US to the appropriate judicial authority of Taiwan.

On March 29, 2024, Lenovo US moved unopposed in the ITC for the Administrative Law Judge to recommend that this Court issue a letter rogatory on behalf of Lenovo US to obtain discovery from Sunrex Technology Corp. ("Sunrex").

**Sunrex Technology Corp.**
No. 476 Changping Road
Section 4, Daya Distrcit
Sanchong District
Taichung City 428402
Taiwan (R.O.C.)

1

Based on her knowledge of the Investigation, that motion was granted by the Honorable Administrative Law Judge Monica Bhattacharyya on April 2, 2024 (Exhibit 1). ALJ Bhattacharyya's Recommendations are attached hereto as Exhibit 2.

The Letter Rogatory to Sunrex (Exhibit 3), along with the required translation to Traditional Chinese (Exhibit 4), solicits assistance from the appropriate judicial authority of Taiwan relevant to the Investigation. Lenovo US has asserted U.S. Patent No. 7,760,189 ("the '189 Patent") against Respondents ASUSTeK Computer Inc. and ASUS Computer International ("Respondents"). The '189 Patent pertains to, among other things, the functionality of the touchpad in the products accused of infringement. Sunrex supplies touchpads for the accused products. As a result, Sunrex is in possession of relevant discovery concerning the accused products. Lenovo US respectfully requests that the Court assign a Judge to this matter and expedite the issuance of the attached Letter Rogatory to Sunrex.

The following documents are attached to this Memorandum:

- Exhibit 1: Order No. 19: Granting Complainant Lenovo (United States) Inc.'s Unopposed Motion Seeking the Administrative Law Judge to Recommend the United States District Court for the District of Columbia to Issue a Letter Rogatory to Sunrex Technology Corp.

- Exhibit 2: ALJ Bhattacharyya's Recommendations to the United States District Court for the District of Columbia

- Exhibit 3: PROPOSED Letter Rogatory to Sunrex Technology Corp. in English with Attachments A–D (Document Requests, Topics for Deposition, Complaint, Protective Order, and Source Code Addendum to the Protective Order)

- Exhibit 4: PROPOSED Letter Rogatory to Sunrex Technology Corp. in Traditional Chinese with Attachments A–D (Document Requests, Topics for Deposition, Complaint, and Source Code Addendum to the Protective Order)

## I.   ARGUMENT

Administrative Law Judges at the ITC recommend this Court issue letters rogatory when, as will be shown here, parties must obtain discovery that is:

- highly relevant to claims of infringement;
- unavailable through alternative means because the relevant documents and knowledgeable persons are located beyond the Commission's subpoena powers and not in the possession of parties;
- narrowly tailored; and
- will be subject to the Protective Order (included as attachment D to Exhibits 3 and 4).

*E.g.*, *In re Certain Electronic Devices Having Wireless Communication Capabilities and Components Thereof*, Inv. No. 337-TA-1284, Order No. 15, EDIS Doc. ID 761961 (January 31, 2022); *In re Certain Semiconductor Devices, Wireless Infrastructure Equipment Containing the Same, and Components Thereof*, Inv. No. 337-TA-1254, Order No. 6, EDIS Doc. ID 741306 (Apr. 30, 2021). The Administrative Law Judge found Lenovo US's requests meet these criteria and recommends this Court issue the Letter Rogatory for Lenovo US's good cause shown. *See* Exhibit 1 (Order), Exhibit 2 (Recommendation). Accordingly, and for the same reasons as detailed below, this Court should issue the Letter Rogatory.

### A.     THIS COURT HAS THE AUTHORITY TO ISSUE LETTERS ROGATORY

Taiwan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial matters. *See* U.S. Dep't of State, Taiwan Legal Considerations, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html (noting that Taiwan is not a party to the Hague Convention) (last visited February 1, 2024); *see also* Fed. R. Civ. P. 4(f)(2)(B); All Writs Act, 28 U.S.C. §§ 1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). The use of letters rogatory has been the traditional method of requesting foreign judicial assistance in obtaining evidence located abroad. *See, e.g., Bakeer v. Nippon Cargo Airlines, Co.*, 2011 WL 3625103, at *16 (E.D.N.Y. July 25, 2011) (noting that "[s]ince Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters . . . , [t]he only method for obtaining the testimony of an unwilling Japanese witness is through 'a letter rogatory executed by a Japanese court'"); *United States v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (holding that district court should have granted request by defendant for use of letter rogatory to obtain evidence located abroad that was relevant to defendant's case).

Sunrex is a Taiwanese company, so a letter rogatory is the appropriate method of obtaining discovery from Sunrex. *See* Fed. R. Civ. P. 4(f)(2)(B), 28(b); 28 U.S.C. §§ 1651, 1781. Indeed, this Court has granted motions to issue letters rogatory to obtain discovery from Taiwanese companies before. *See, e.g., Ericsson Inc., et al., v. Apple Inc.*, No. 15-mc-00831-RCL, July 1, 2015, ECF No. 3; *Tessera Technologies, Inc., et al. v. Broadcom Limited, et al.*, No. 16-mc-1500-JDB, August 10, 2016, ECF. No. 19. Those instances also came by way of

recommendation from administrative law judges at the ITC. *Ericsson*, No. 15-mc-00831-RCL, June 29, 2015, ECF No. 1, *Tessera*, No. 16-mc-1500-JDB, July 19, 2016, ECF. No. 13.

### B. THE DISCOVERY SOUGHT IS HIGHLY RELEVANT AND CANNOT BE OBTAINED ELSEWHERE

Lenovo US accuses Respondents of infringing, *inter alia*, the '189 Patent, which claims a device and method that determines user contact with the touchpad to enable, use, and/or activate diagonal scrolling. The discovery sought is highly relevant because Sunrex designs and manufactures the touchpads found within the accused products. Because the touchpads are supplied to Respondents, Lenovo US believes that Sunrex is in sole possession of unique documents and information that are highly relevant to the claims and defenses at issue in this Investigation including the aforementioned technology. Therefore, Lenovo US believes this request is necessary to obtain documents and testimony are not obtainable through other means.

### C. THE DISCOVERY SOUGHT IS NARROWLY TAILORED TO ELICIT TECHNICAL INFORMATION FOR THE TOUCHPAD DEVICES ALLEGED TO INFRINGE THE '189 PATENT IN THIS INVESTIGATION

Lenovo US narrowly tailored its discovery requests to seek information concerning the Sunrex touchpads found within the accused products. Specifically, it only seeks discovery concerning the functionality for how said touchpads determine user contact and how the contact is implemented in diagonal scrolling. This information is only what will assist Lenovo US in proving its claims in this Investigation.

### D. THE DISCOVERY OBTAINED IS SUBJECT TO THE PROTECTIVE ORDER ENTERED IN THIS INVESTIGATION

Sunrex would be considered a supplier under the Protective Order entered in this case ensuring its interests are adequately protected because any documents, information, or testimony

it produces will remain confidential under the ITC's Protective Order [1] and Source Code Addendum to the Protective Order[2].

* * *

Lenovo US is fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from Sunrex through the Letter Rogatory. The necessary steps to receive judicial assistance are:

1. Obtain a letter rogatory with the signature of a District Court judge and the seal of the District Court, and a copy thereof translated into Traditional Chinese.

2. Include in the letter rogatory a statement that a request for judicial assistance is being made in the interests of justice, the identities of the parties, the nature of the proceedings, the nature of the assistance sought, the name and address of the person abroad from whom evidence is to be compelled, a statement that the requesting court is willing to provide similar assistance to judicial authorities of the receiving state, and the identity of the party that will bear any costs. *See* U.S. Dep't of State, Preparation of Letters Rogatory, *available at* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited February 2, 2024).

3. Transmit the letter rogatory and accompanying documents to the Office of American Citizen Services for transmittal to the appropriate judicial authority of Taiwan and

---

[1] ITC Investigation No. 337-TA-1382, Order No. 1, EDIS Doc. ID 810521 (December 18, 2023) (included as attachment D to Exhibits 3 and 4).
[2] ITC Investigation No. 337-TA-1382, Order No. 10, EDIS Doc. ID 814189 (February 15, 2024) (included as attachment D to Exhibits 3 and 4).

eventual enforcement in a Taiwanese court. *See id*. The Taiwanese court will serve the requests on Sunrex.

## II.  CONCLUSION

For the foregoing reasons, Lenovo US respectfully requests that the Court assign a Judge to this matter and expedite the issuance of the attached Letter Rogatory to the appropriate judicial authority of Taiwan.

Dated: April 22, 2024

Respectfully submitted,

Sean Cunningham
Helena Kiepura
Daniel Valencia
Kevin Kuhn
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel: 202-799-4000
Fax: 202-799-5000

Clayton Thompson
**DLA Piper LLP (US)**
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309
Tel: 404-736-7800
Fax: 404-682-7800

Jake Zolotorev
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Tel: 650-833-2000
Fax: 656-833-2001

Benjamin Yaghoubian
Meera Midha
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower

Los Angeles, CA 90067
Tel: 310-595-3000
Fax: 310-595-3300

Stephanie Piper
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-335-4500
Fax: 212-335-4501

Claire Schuster
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02210
Tel: 617-406-6000
Fax: 617-406-6100

Robert Groselak
Aima Mori
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: 312-251-5710
Fax: 312-236-7516

*Counsel for Petitioner Lenovo (United States) Inc.*